IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ANTONIO DEALOW McINTOSH,

      Movant,

v.                                          Case No. 2:08-cv-00097
                                            Case No. 2:06-cr-00181-01

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, pursuant to 28 U.S.C. § 2255 (docket # 56), which was filed on February 12, 2008.  By Standing Order, this matter was referred to the undersigned United States Magistrate Judge to make proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On March 12, 2007, Movant, Antonio Dealow McIntosh (hereinafter "Defendant"), was sentenced by the presiding District Judge to serve 121 months in prison, to be followed by a four year term of supervised release, upon his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  (Judgment Order entered March 12, 2007, # 53).  No direct appeal was taken.  By Memorandum Opinion and Judgment Order entered January 9, 2009 (# 77), pursuant to the retroactive crack

cocaine amendment to the Sentencing Guidelines, Defendant's sentence was reduced to 100 months.

In his § 2255 motion, Defendant claims that he was denied effective assistance of counsel by his court-appointed attorney, Mr. Herbert Hively, in two respects: failure to object to a two-level enhancement of his guideline range for a firearm under USSG §2D1.1(b)(1); and failure to take a direct appeal when asked to do so. (# 56, at 14, 17.)

On April 18, 2008, the United States filed a Response which asserts that Mr. Hively did indeed object to the two-level enhancement for a firearm, and denies that Defendant requested that Mr. Hively file an appeal. (# 63, at 7-9.)

On July 14, 2008, Defendant filed a Rebuttal (# 66), in which Defendant concedes that Mr. Hively did object to the firearm enhancement, and withdraws that ground for relief. As to the failure to file an appeal, Defendant contends that he asked Mr. Hively, in person and by letter, to appeal the application of the gun enhancement, and that Mr. Hively replied that he would "get right on it." Id., at 1. In support of his assertion, Defendant attached copies of three letters from Mr. Hively to himself, dated April 11, July 2, and August 14, 2007. Id., at 4-5.

## ANALYSIS

In United States v. Peak, the United States Court of Appeals for the Fourth Circuit held that "a criminal defense attorney's

failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." 992 F.2d 39, 42 (4th Cir. 1993).   The appropriate remedy in such a case involves vacating the original Judgment Order and re-entering it, to restore the movant's right to appeal.

The Supreme Court of the United States modified this rule somewhat in <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000).   In that case the Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. * * *

> [W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. * * *

> We similarly conclude here that it is unfair to *require* an indigent perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 480, 486. [Emphasis in original.]   The Fourth Circuit followed the <u>Flores-Ortega</u> holding in <u>United States v. Witherspoon</u>, 231 F.3d 923 (4th Cir. 2000).   In <u>Miller v. United States</u>, 150 F.

3

Supp.2d 871, 880 (E.D.N.C. 2001), the court interpreted <u>Witherspoon</u> to "strongly suggest[] that advice about appeal should be given after sentencing."

At final disposition, Mr. Hively objected to the firearm enhancement as follows:

> MR. HIVELY: Well, Your Honor, Mr. McIntosh maintains an objection. His position is that he did not possess the gun. The gun was found in a couch that he was sitting on and –
>
> THE COURT: How am I supposed to – the standard is that it was – I have to find that it was clearly improbable that the weapon was connected with this offense. How do I find that?
>
> MR. HIVELY: Your Honor, he possessed the – the crack, did not possess the gun, and it was not connected to the possession of the crack. He was there in the house and he had not – did not have knowledge that the gun was under the couch.
>
> I think there were two guns. Kevin Lewis acknowledged ownership of those guns and the Charleston Police Department prepared property reports putting the guns with Mr. Lewis and he just didn't possess the guns.
>
> THE COURT: He was sitting on the couch, wasn't he?
>
> MR. HIVELY: Yes, Your Honor.
>
> THE COURT: I overrule the objection. I can't find it's clearly improbable that the guns connected to the offense, when the guy with the crack cocaine is sitting on the couch where the gun is, stuck down in the cushion. there is no way that anybody could say it's more likely true than not that that gun is not connected.
>
> People that are getting ready to go target practicing or keeping guns for hunting usually have their guns stored in a gun cabinet or locked up someplace or at least out of the way of children, not stuffed down the back of a couch.

4

(Tr. Disp. Hrng., March 12, 2007, # 62, at 4-5.)

Defendant agrees that at the close of his sentencing hearing, Chief Judge Goodwin advised him that he had the right to appeal the sentence imposed, and that he "must file a written notice of appeal with the Clerk of the Court within ten days of the entry of the order of sentence and conviction in the case." Id., at 13-14.  The Judgment was entered Monday, March 12, 2007 (# 53); thus the notice of appeal was due on March 29, 2007 (adding the three days permitted in Rule 26(c), *FRAP*, and Rule 45(c), *Fed. R. Crim. P.*

Defendant submitted his affidavit in support of his § 2255 motion which states, in pertinent part, as follows [spelling corrected]:

> 5.   That affiant advised counsel immediately after sentencing that he wished to appeal the firearm enhancement.
> 6.   That counsel told Affiant he'd "get right on it."
> 7.   That Affiant is a rational person who did not or does not wish to serve a longer term of imprisonment for conduct he did not commit.
> 8.   That counsel did not consult with Affiant regarding the filing of an appeal.

(# 56, at 19.)

On March 12, 2007, Mr. Hively wrote to Defendant and advised him that he had "ten days from the entry of the judgment in your criminal case to appeal the Judge's decision." (# 63-3, Gov't Ex. B.)  Mr. Hively provided an affidavit which states, in pertinent part, "Mr. McIntosh was advised of his rights to appeal and counsel never received a request from Mr. McIntosh to appeal his sentence."

<u>Id.</u>, Gov't Ex. A.  Defendant has not asserted that he did not
receive this letter.

Defendant has provided copies of three letters from Mr. Hively
to himself.  He asserts that the letters show that he wrote to Mr.
Hively regarding the status of his appeal.  (# 66, at 1.)  The
first, dated April 11, 2007 (two weeks after the notice of appeal
was due), contains one sentence: "Please find enclosed a copy of
the documents you requested."  <u>Id.</u>, at 5.  The second, dated July
2, 2007 (more than three months after the notice of appeal was
due), reads as follows:

> Please find enclosed a copy of the discovery that
> you requested.  Please note that I cannot send you a copy
> of the presentence report.  My understanding is that the
> Bureau of Prisons will not let you have that material.
> Please write if you have any questions.

<u>Id.</u>  The third letter, dated August 14, 2007 (more than four months
after the notice of appeal was due), provides the address for the
Clerk, and states, "[a]lso, please find enclosed the documents you
requested."  <u>Id.</u>, at 4.  None of the letters contains any reference
to an appeal which might have been requested by Defendant.

The undersigned proposes that the presiding District Judge
**FIND** that Defendant has failed to show that he requested his
attorney to file a direct appeal on his behalf.  Defendant was told
in person by Chief Judge Goodwin at sentencing and in writing by
his attorney that a notice of appeal must be filed in ten days.
The letters submitted by Defendant did not mention any request for

an appeal and merely enclose documents sought by Defendant.   The instant motion was filed eleven months after sentencing and six months after the last letter from Mr. Hively.   Under these circumstances, there is no basis to conclude that Defendant requested the filing of an appeal.

It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's § 2255 motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant and to counsel of record.

    March 24, 2009               *Mary E. Stanley*
          Date                  Mary E. Stanley
                         United States Magistrate Judge